UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                                                    <u>DECISION AND ORDER</u>

                                                                                                     05-CR-6011L

                   v.

LORAL RICHARD HUFFMAN,

                                        Defendant.
_____

       Defendant, Loral Richard Huffman ("Huffman"), was originally indicted on April 22, 2003 (03-CR-6077). On December 15, 2004, United States District Judge Charles J. Siragusa, to whom the case was originally assigned, dismissed the indictment without prejudice because of a conceded violation of the Interstate Agreement on Detainers ("IAD"). 18 U.S.C. Appx.2 § 9(1). Judge Siragusa affirmed that decision by written order on December 21, 2004.

       The case was resubmitted to a new grand jury and Huffman was reindicted on January 20, 2005 (05-CR-6011). There were pretrial proceedings and Huffman's then-attorney, Herbert J. Lewis, filed omnibus motions on May 23, 2005 (Dkt. #17). Included in that motion was a request to reopen the motion for dismissal of the prior indictment because of the IAD violation.

Within a few weeks of the filing of that motion, Judge Siragusa recused himself from the case and it was reassigned to this court. Attorney Lewis also moved to withdraw from the case, and that motion was granted.

Two different attorneys were appointed for Huffman, but he had difficulties with both and they were allowed to withdraw. Attorney James P. Harrington, Esq. now represents Huffman.

Pending before the Court is a motion (Dkt. #41) by Harrington for a determination of attorney Lewis's prior motion to reopen the hearing on the IAD violation, and for dismissal of the present indictment (05-CR-6011) because of a new violation of the IAD. Defendant also moves for dismissal on the grounds this Court lacked personal jurisdiction over Huffman when he was arraigned on the present indictment. All of the motions are denied.

In support of the motions, defendant's present attorney has submitted two affirmations, with attachments: one submitted on May 8, 2006 (Dkt. #41) and another on September 29, 2006 (Dkt. #54). The Government filed a memorandum in opposition to defendant's motions (Dkt. # 46) as well as an affidavit of Assistant United States Attorney Christopher Taffe (Dkt. # 45).

**Reconsideration of Prior Proceedings on Dismissal of First Indictment**

Huffman's first attorney, as part of his omnibus motions, requested that Judge Siragusa reconsider his prior decision granting dismissal of the first indictment without prejudice. Judge Siragusa never ruled on that motion since he recused himself soon after the motion was filed. Defendant's present attorney now seeks a ruling on that motion to reconsider.

Judge Siragusa carefully considered the relevant factors for determining whether the dismissal of the original indictment should be with or without prejudice. He determined that there

was no basis to dismiss with prejudice. Huffman has not made a sufficient showing that Judge Siragusa erred in that analysis. I see no reason why dismissal with prejudice would have been warranted and, therefore, no basis whatsoever to modify or reconsider Judge Siragusa's order.

The so-called prejudice mentioned in attorney Harrington's latest affirmation (Dkt. # 54) at ¶ 21 relates mostly to Huffman's perceived medical problems while in custody. The other items of claimed prejudice, including loss of documents, was not before Judge Siragusa when he made his decision and the present references are too vague and conclusory to warrant any change in the order dismissing the indictment 03-CR-6077.

**Alleged IAD Violation on Pending Indictment**

Huffman claims that the present indictment should also be dismissed for violations of the IAD. I find no violation.

At all times relevant, Huffman was a New York State prisoner serving an aggregate sentence of 7 ½ to 15 years. The nature of Huffman's claim now is not entirely clear. It is not disputed that Huffman was produced in federal court on a writ of habeas corpus *ad prosequendum* on January 24, 2005. Assistant United States Attorney Christopher Taffe submitted a petition for such a writ to the Judge several days before the return date, anticipating that the new grand jury would re-indictment Huffman.

Huffman did appear before Judge Siragusa on January 24, 2005 with Assistant Public Defender Mark Hosken. Huffman apparently had some objections to Hosken and, therefore, he was relieved. Arraignment on the new indictment was adjourned, pending appointment of new counsel.

In addition, Judge Siragusa denied Huffman's *pro se* request for reconsideration of the dismissal order of the prior indictment (03-CR-6077, Dkt. # 29).

Judge Siragusa referenced letters that he had received from Huffman.[1] The Chambers' file does contain a 3-page letter from Huffman to Judge Siragusa dated December 15, 2004. Because this letter was dated the same day of Judge Siragusa's oral decision, it must have been received after the decision was issued. In that letter,[2] Huffman mentions several things, including loss of documents and his claimed cooperation with the authorities. He also requested Judge Siragusa to make his dismissal, with prejudice. Obviously, it was this letter that Judge Siragusa referenced on January 24, 2005 when he addressed the "letters written by the defendant."

There is no doubt that Huffman was brought to the federal courthouse several times on the present indictment. But, it is also clear to me that Huffman was never *returned* to state custody during these proceedings and always remained in federal custody until he eventually waived his rights under the IAD and consented to be returned to state custody.[3] On the day the Court heard argument on Huffman's motion to dismiss for violation of the IAD, July 21, 2006, Huffman requested, at the end of the proceeding, to waive his rights regarding the IAD and be returned to state custody at the Wende Correctional Facility where he remains to this date.

---

[1]Huffman is a prolific letter-writer. He has sent this Court and Judge Siragusa numerous letters, in spite of admonitions not to do so, because he has appointed counsel. Most relate to extraneous matters or medical issues and disputes he has, or perceives that he has, with various jailers.

[2]So that this letter is part of the record, I directed the Clerk to accept this letter for filing and docketing.

[3]There has been much litigation and discussion about violations of the IAD. It is curious, therefore, that on July 21, 2006, Huffman advised this Court that it was his desire to be returned to state custody and not held in federal custody during the pendency of this indictment.

As the Government points out in its legal memorandum, defendant was produced in federal court originally via a writ of habeas corpus *ad prosequendum*. There was no detainer and that is an important distinction. A writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the interstate agreement on detainers. *See United States v. Mauro,* 436 U.S. 340, 361 (1978). Since Huffman's original production on the writ, he remained in federal custody and defendant has submitted no evidence to suggest the contrary. It was only when Huffman agreed on July 21, 2006 to return to state custody, that his federal custody circumstance changed. There is no violation of the IAD here.

**Jurisdiction**

With no citation of authority, Huffman claims that Judge Siragusa somehow lacked "jurisdiction" when he signed the original writ of habeas corpus *ad prosequendum*. The argument is without merit. Judge Siragusa and every federal judge has authority to issue writs to effectuate their judicial duties. The Government cites ample authority in its memorandum on this point. At the time the writ was signed, it was anticipated that a new indictment would be returned (and it was) and Judge Siragusa had received correspondence from Huffman and needed to resolve that. There was also the matter of obtaining counsel for Huffman on the new indictment.

The district court properly had Huffman before it on the writ and certainly that jurisdiction has continued throughout. Whether Huffman had been reindicted at the time Judge Siragusa signed the writ is immaterial and irrelevant. The Court had Huffman before it and could properly deal with the then-pending issues.

## CONCLUSION

Defendant's motion to reopen the IAD hearing and for reconsideration (Dkt. #17) and defendant's motion to dismiss (Dkt. #41) are denied in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 17, 2007.